**DICKEY-john CORPORATION, Plaintiff,**

v.

**RICHWAY SALES, Craig Schneider and Gary J. Schneider, Defendants.**

**RICHWAY SALES and Craig Schneider, Third-Party Plaintiffs,**

v.

**HINIKER COMPANY and Farm Products, Inc., Third-Party Defendants.**

No. 77 C 1680.

United States District Court, N. D. Illinois, E. D.

Dec. 21, 1977.

On Motion to Enjoin Jan. 16, 1978.

As Amended Feb. 17, 1978.

Raiford A. Blackstone, Jr., Richard Bushnell, Olson, Trexler, Wolters, Bushnell & Fosse, Ltd., Chicago, Ill., for plaintiff.

Neil K. Quinn and Paul L. Price, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendants.

Dennis M. McWilliams, Chicago, Ill., for third-party defendants.

BUA, District Judge:

## ORDER

Before the court is the motion of the third party defendants, Hiniker Company and Farm Products, Inc., to dismiss the plaintiff's complaint as to them pursuant to the provisions of Rule 12(b)(3) of the Federal Rules of Civil Procedure.

Plaintiff filed suit alleging patent infringement by defendants in the sale of certain electronic systems for monitoring the operations of seed planters. Jurisdiction is predicated upon Title 35 U.S.C. §§ 281, 283, and 284. Venue is found in accordance with Title 28 U.S.C. § 1400.

Thereafter, defendants filed a third party complaint for indemnification against Hiniker and Farm Products, the manufacturer and supplier, respectively, of the seed monitoring systems defendants allegedly sold.

Subsequently, plaintiff filed its complaint for patent infringement against the third party defendants pursuant to Rule 14 of the Federal Rules of Civil Procedure.

28 U.S.C. § 1400(b) provides that any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Neither third party defendant resides in or has a regular and established place of business in this district. Accordingly, third party defendants contend that venue as to them is improper and have moved for dismissal.

The issue, then, is whether the plaintiff can maintain its claim for patent infringement against the third party defendants in this district under Rule 14 of the Federal Rules of Civil Procedure where the venue requirements of 28 U.S.C. § 1400(b) are not otherwise satisfied.

28 U.S.C. § 1400(b) was enacted to prevent patent venue from lying in just any judicial district in which the defendant could be found. It was intended that the forum of a patent infringement suit should be one reasonably convenient to the defendant.

Where, as here, the defendant is already properly before the court as a result of the third party complaint for indemnification, the court sees no compelling reason why

Title 28 U.S.C. § 1400(b) should bar plaintiff from asserting his claim in this district pursuant to Rule 14 of the Federal Rules of Civil Procedure. Moreover, practicality and convenience notwithstanding, where all parties are otherwise properly before the court and an adjudication of the rights therein will affect all of the parties, this court is required, in the interest of judicial economy, to determine the several related claims and thereby prevent the trying of unnecessary lawsuits.

The court is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Accordingly, the motion of the third party defendants to dismiss the plaintiff's complaint is denied.

### ORDER

### ON MOTION TO ENJOIN

Before the court are plaintiff's motion to enjoin the parties herein from proceeding with a declaratory judgment action in the United States District Court in Minnesota, and, defendants' and third party defendants' motion to stay the instant action pending a determination by the Minnesota District Court in the action aforesaid.

Having determined the issue of venue by order dated December 21, 1977, the court concludes that the aforesaid motions are moot.